### 336

Nathan Saronovitch ⎱
        vs.              ⎱ No. 36361
Rhode Island Company ⎰

### DECISION
#### May 5, 1919

BROWN, J. The plaintiff was a passenger on the defendant's trolley car, going from Woonsocket to Manville, January 18, 1915. Near the corner of Manville Mill, just before arriving at the end of the trip in Manville, about 4.43 P. M. the front trucks left the track, the car struck and broke a pole standing about four feet from the track, throwing the plaintiff from his seat to the floor of the car, doing the injury for which damages are sought.

The defendant to rebut the imputation of negligence arising from the derailment called as witnesses Robert J. Ferguson, motorman on the car in question, also Everett H. Dufresne, motorman on another of its cars, operated on the same line, that had passed the point of accident about forty minutes before.

Motorman Dufresne testified that at 6 minutes past 4 he passed the same point and had no trouble at all. Motorman Ferguson testified that his car had been going between 8 and 9 miles an hour, but had slowed down just before the accident because of a sharp curve in the track, a short distance beyond, rendering it necessary to reduce the speed. (Quotation from testimony)

Motorman Ferguson testified that as he was going along about 8 miles an hour, and was slackening up for the sharp curve at the end of the mill, he felt the front trucks ride up on some dirt and throw to the left. "There was a pole standing there about 4 feet, and it struck the pole and broke it off about 4 inches from the base at the ground."

The front trucks went off on the left

hand side; the trolley and rear trucks stayed on.

337

In cross-examination the witness testified: (quotation from testimony)

On a previous trial Ferguson testified the sand and gravel on the track at the time of accident was two feet deep. On this trial his recollection was that it was 6 to 8 inches deep. It is clear that the sand and gravel on the track caused the derailment, whatever its depth. The Company knew, or ought to have known, that in such a rain storm as then prevailed the sand and gravel would probably wash onto the track at this point. It had washed on before.

On the previous trial this witness testified that sand and gravel gathered on the track there every time there was a rainstorm. (Quotation from testimony)

The evidence fails to show that any precaution whatever was taken against the sand and gravel that might reasonably be expected to be washed onto the track at the point of accident in such a rain storm as then prevailed. The jury was not warranted in finding that the defendant had exculpated itself from the imputation of negligence which the derailment casts upon it. The plaintiff was thrown from his seat onto the bottom of the car, and received some injury, and a finding to the contrary is not warranted from the evidence.

It is not probable that the jury took seriously the testimony of Honorius Savage, when he said: "I saw him (the plaintiff) throw the raincoats on the floor and throw himself on them after the car was stopped on the track", but rather that that was a fiction of the imagination. Whatever the fact may be in this respect, in my opinion the case should be submitted to another jury.

The motion for a new trial is granted.

For plaintiff: Lee, Boss & McCanna and Raymond P. McCanna.

For defendant: Clifford Whipple and Frederick W. O'Connell.